

# NUMBER 13-14-00024-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JAMES D. NELSON, DOUGLAS C. McKEE, AND ROBERT C. BROOKS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Per Curiam Memorandum Opinion[1]

Relators, James D. Nelson, Douglas C. McKee, and Robert C. Brooks, filed a petition for writ of mandamus in the above cause on January 13, 2014, through which they sought to compel the trial court to rule on the parties' pending motions for summary judgment. This Court requested and received a response to the petition for writ of mandamus from the real party in interest, Los Campeones, Inc. d/b/a Valley International Country Club. According to the real party's response, this original proceeding has been

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

rendered moot because the trial court has ruled on the motions at issue. Specifically, on January 24, 2014, the trial court signed the "Order Granting Plaintiff's Motion for Partial Summary Judgment . . . and Denying Defendants' Motion for Partial Summary Judgment." The relators have filed a reply to the response which also submits that the petition for writ of mandamus has been rendered moot by the trial court's rulings.

Because the trial court has ruled on the pending motions for summary judgment, relator's petition for writ of mandamus asking us to require respondent to rule is moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings."); *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought).

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that this matter has been rendered moot. Accordingly, the Court DISMISSES the petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
3rd day of February, 2014.